**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward F. Parks,<br><br>    Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>    Respondents. | NO. CV-16-4570-PHX-DLR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, U.S. DISTRICT JUDGE:

Edward F. Parks filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition"), challenging his convictions in Mohave County Superior Court. Respondents contend that some of the claims in his Amended Petition are procedurally barred, one is not cognizable in habeas, and one fails on the merits. As explained below, the Court recommends that Parks' Amended Petition be denied and dismissed with prejudice.

**I.      Background**

Eight calendar days before the start of his jury trial, Parks moved to continue during a case management conference. (Doc. 32-1 at 26, 32-2 at 2) The Superior Court denied the motion to continue but informed Parks that "denying the request to continue does not preclude you from hiring your own attorney." (Doc. 32-1 at 30: 12-13) Parks did not hire private counsel for the trial. (Doc. 32-2 at 3)

The case proceeded to trial and Parks was convicted by a jury in Mohave County Superior Court of one count of disorderly conduct with a weapon, a class 6 felony; one count of aggravated assault of a peace officer, a class 2 felony; and one count of aggravated assault of a peace officer, a class 4 felony. (Doc. 32-4 at 80) He was sentenced to "concurrent prison terms of 3.75 years, 15.75 years, and 10 years respectively." *State v. Parks*, 2013 WL 2731694, at *1 (Ariz. App., 2013).[1] He timely appealed and argued that the Superior Court should not have (1) denied his motion to continue so that Parks could have additional time to hire private counsel; (2) admitted statements made by a witness; and (3) admitted rebuttal evidence. (Doc. 32-4 at 75)

Specifically, the Arizona Court of Appeals noted that Parks had "merely conveyed that he was "looking into" hiring counsel and "saving money" to do so. He had not yet retained counsel and gave no indication that he had the current financial wherewithal to do so." *State v. Parks*, 2013 WL 2731694, at *2, ¶ 11 (Ariz. App., 2013). The Court of Appeals concluded that the Superior Court "did not prevent Parks from hiring private counsel for trial on February 14 and did not abuse its discretion in denying a continuance for that purpose, especially when Parks gave no indication he was capable of retaining counsel presently or in the near future." *Id*. at *3, ¶ 12. The Court of Appeals found the Superior Court did not abuse its discretion on any of Parks' claims and affirmed Parks' convictions and sentences. *Id*. at *4, ¶ 23. Parks did not petition the Arizona Supreme Court for review. (Doc. 32-5 at 2)

Parks timely initiated post-conviction relief proceedings and argued that he had received ineffective assistance of trial counsel because his appointed counsel had not provided him adequate information to make an informed decision about the State's plea offer. (Docs. 32-4 at 154-57, 32-5 at 4-26) The Superior Court conducted an evidentiary hearing where Parks' trial counsel testified that she had informed Parks about the

---

[1] Respondents did not provide the Court with a sufficient record and only included one page of the Superior Court's ruling, did not include any of the appellate briefing, and did not include either of the Court of Appeals' decisions. This is not the first such issue in this matter. *See* Doc. 23 at n.1 and Doc. 26. The Court trusts that this pattern will not be repeated.

sentence he was facing at trial. (Doc. 32-5 at 59-74) The Court "found that trial counsel had properly advised Parks regarding the State's burden, and that Parks would not have agreed to the plea offer regardless, as he would only accept a probation-only offer. The trial court denied relief." *State v. Parks*, 2016 WL 7093864, at *1 (Ariz. App. 2016). Parks timely appealed and the Arizona Court of Appeals granted review but denied relief. *Id*. at *2.

Parks petitioned the Arizona Supreme Court for review and, while that Petition was pending, Parks initiated these habeas proceedings. The Court granted him leave to file his Amended Petition and then stayed this matter until the termination of Parks' state court proceedings. (Docs. 9, 23, 29) Now, the state court proceedings have concluded and Respondents have filed an Answer. (Docs. 32) Parks has not filed a reply and the time to do so has now expired. He has filed several additional motions and notices and the Court considers the Amended Petition to be fully briefed. (Docs. 30, 31, 33, 34, 35, 36, 37, 38, 39, 40)

## II. Analysis: Ground 2(a)

It appears that, in Ground Two of his Amended Petition, Parks is raising the same claim as in his direct appeal, namely that the Superior Court should have stayed his trial so that he could retain private counsel. (Doc. 10 at 13)

On habeas review, this Court can only grant relief if the petitioner demonstrates prejudice because the adjudication of a claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d). This is a "'highly deferential standard for evaluating state-court rulings' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

This means that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(d)(2) and *Williams v. Taylor*, 529 U.S. 362, 399 (opinion of O'Connor, J.)). Put another way, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Here, the Court of Appeals found that the trial court "did not abuse its discretion in denying a continuance . . . especially when Parks gave no indication he was capable of retaining counsel presently or in the near future." *State v. Parks*, 2013 WL 2731694, at *3, ¶12 (Ariz. App., 2013). This conclusion was based on Parks' statements to the Superior Court. Applying the appropriate standard of review, the Court cannot say that the Court of Appeals' decision was objectively unreasonable. Accordingly, Parks is not entitled to relief on this claim.

**III.  Analysis: Remaining Claims**

A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To fairly present a claim, a petitioner must support it with a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66. General appeals to broad constitutional

principles, "such as due process, equal protection, and the right to a fair trial," do not establish exhaustion. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

Here, except as noted above, the Amended Petition does not include claims that were fairly presented to the Arizona Court of Appeals. Instead, he argues in Ground One that he was unlawfully arrested at his residence in violation of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. (Doc. 10 at 12) In Ground Two, he argues that he was denied his Sixth Amendment right to have witnesses at trial and that there was no probable cause to impound a truck that was on private property. (Doc. 10 at 13) In Ground Three, he argues that his PCR counsel filed his PCR petition six months late and failed to raise issues regarding lack of evidence. (Doc. 10 at 14) Finally, he argues in Ground Four that he is unlawfully imprisoned for five years on a lesser included offense that was dismissed by the jury due to lack of evidence. (Doc. 10 at 15) Even construing his claims broadly, these arguments were not presented to the Arizona Court of Appeals.

Moreover, it is now too late to do so which renders these claims subject to an implied procedural bar because these claims was not fairly presented in state court and no state remedies remain available to Parks. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982). Here, Parks has not attempted to demonstrate either and the Court sees no independent grounds for any such demonstration.

Accordingly, the Court cannot review the claims in Parks' Amended Petition.

### IV. Additional Motions and Notices

The Court has reviewed all of the Notices filed by Parks as well as his four pending Motions. (Docs. 24, 25, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40) The Notices do not entitle Parks to relief. The Motions are not well taken and will be denied.

**IT IS THEREFORE ORDERED** denying Parks' Motion (Doc. 30), Motion for Order to Show Cause (Doc. 35), Motion to Dismiss Case (Doc. 36), and Motion Requesting Consideration of Newly Discovered Evidence (Doc. 40).

**IT IS THEREFORE RECOMMENDED** that Edward F. Parks' Amended Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

. . .

. . .

. . .

| | |
|---|---|
| 1 | order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule |
| 2 | 72, Federal Rules of Civil Procedure. |

Dated this 2nd day of May, 2018.

_____
David K. Duncan
United States Magistrate Judge