IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward F. Parks,<br><br>Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CV-16-4570-PHX-DLR-(DKD)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge David K. Duncan (Doc. 41) regarding petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 10). The R&R recommends that the Amended Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 41 at 6 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72).) Petitioner filed objections on May 9, 2018, (Doc. 42) and May 10, 2018 (Doc. 43).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made).

As to Ground Two, the Court agrees with the Magistrate Judge's determination that Petitioner's claim is meritless. This Court can overturn a fact based decision adjudicated on the merits in a state court only when it finds that the state court decision is objectively unreasonable. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(d)(2) and *Williams v. Taylor*, 529 U.S. 362, 399 (opinion of O'Connor, J)). The Magistrate Judge correctly found that this Court cannot say that the Arizona Court of Appeals' finding that the trial court "did not abuse its discretion in denying a continuance . . . especially when Parks gave no indication he was capable of retaining counsel . . . " was objectively unreasonable. *See State v. Parks*, No. CA-CR 12-284, 2013 WL 2731694, at *3 ¶12 (Ariz. Ct. App. April 23, 2013).

As to the remaining grounds the Court agrees with the findings of the Magistrate Judge that none of the remaining claims were fairly presented to the Arizona Court of Appeals. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c).

As to the Notices and four Motions which were ruled upon by the Magistrate Judge, the Court agrees with the Magistrate Judge that the Notices do not entitle Parks to relief and the Motions are not well taken and were properly denied.

The Court accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that Report and Recommendation of the Magistrate Judge (Doc. 41) is accepted.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the

- 2 -

Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. Petitioner's motion for new trial (Doc. 44) is dismissed as moot. The Clerk shall terminate this action.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the Petition is justified by a plain procedural bar.

Dated this 22nd day of June, 2018.

_____
Douglas L. Rayes
United States District Judge